UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61426-Civ-DIMITROULEAS/Snow

FRANK R. NETTLES,

    Plaintiff,

vs.

TOTAL COMFORT PLUMBING, and
JOHN SAUL,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the defendants' Verified Motion to Tax Costs (Docket Entry 41), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

I. PROCEDURAL HISTORY

The complaint was filed September 8, 2008, on behalf of the plaintiff and others similarly situated, alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The defendants filed an answer. (DE 7) In response to an Order to Show Cause, the parties filed a joint scheduling report. (DE 9, 10) Depositions were taken of the plaintiff and the individual defendant. (DE 28, 30) Mediation took place on May 14, 2009, but resulted in impasse. (DE 32)

The defendants filed a motion for summary judgment. (DE 33) After the motion was fully briefed, the Court granted the defendants' motion for summary judgment. (DE 39) Final judgment was

entered July 31, 2009. The defendants filed the instant motion to tax costs. The motion is unopposed.

## II.  RECOMMENDATIONS OF LAW

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1020, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendants seek $99.15 for copies necessarily obtained for use in the case. The copies, 661 pages at $0.15 per page, were for production of documents during discovery, which is recoverable under § 1920(4). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000).

The defendants seek $469.50 for the deposition transcript of defendant John Saul and $545.85 for the deposition transcript of plaintiff Frank Nettles, necessarily obtained for use in the case. The plaintiff's deposition was filed with the motion for summary judgment. W&O, Inc., 213 F.3d at 621. The transcript of the defendant's deposition formed the basis of the defendant's affidavit filed with the motion for summary judgment. Moreover, if the case had gone to trial, the defendant was one of two witnesses in the case. Id. at 621. The total cost of the transcripts is $1,015.35. The Court finds that these transcripts were necessarily obtained for use in the case and are recoverable under § 1920 (2).[1]

Finally, the defendants ask that the award of costs bear interest from the date of the original judgment, citing Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (5th Cir. 1988). While some courts have interpreted Georgia as allowing interest from the date the Court enters the order taxing costs rather than the date of the judgment on the merits,[2] the Eleventh Circuit has interpreted Georgia to require that "interest shall accrue on . . . taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's

---

[1] The defendants' motion represents that the total for the copies and the deposition transcripts is $1144.50, which appears to be a typographical error. The correct total is $1,114.50.

[2] See, e.g. Powell v. Carey Int'l, Inc., 548 F.Supp.2d 1351, 1364 (S.D.Fla. 2008).

3

action."  BankAtlantic v. Blythe Eastman Paine-Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994).

Final judgment on the merits was entered on July 31, 2009.  Title 28 U.S.C. § 1961(a) provides that the interest rate is "equal to the weekly average 1-year constant maturity treasury yield, as published by the Federal Reserve System, for the calendar week preceding the date of the judgment.  The Director of the Administrative Office shall distribute notice of that rate and any changes in it to all Federal judges."  The interest rate for the week ending July 24, 2009, is 0.47%.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion be GRANTED, and that the defendants recover costs of $1,114.50, comprising $99.15 for copying costs and $1,015.35 for deposition transcripts, plus interest at the rate of 0.47% from July 31, 2009.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958

(1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

      DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of October, 2009.

                                                              /s/ Lurana S. Snow  
                                                          LURANA S. SNOW  
                                                     UNITED STATES MAGISTRATE JUDGE

Copies to:

Thomas Alan Hedler, Esq. (P)  
Blaine Harris Hibberd, Esq. (Ds)